[L. A. No. 8185. In Bank.—January 28, 1925.]

WINIFRED F. MARR, Appellant, v. SOUTHERN CALIFORNIA GAS CO. (a Corporation), et al., Respondents.

[1] DISQUALIFICATION OF JUDGES—ALLEGED BIAS AND PREJUDICE—SUFFICIENCY OF DENIAL.—On a motion to disqualify a trial judge from hearing and acting upon a motion for a new trial on the

---

1.  See 15 R. C. L. 530; 14 Cal. Jur. 824.

ground of bias and prejudice, under section 170, subdivision 4, of the Code of Civil Procedure, where the affidavit in support of the motion consists principally of recitals and rulings made and things said by the trial judge in the course of the trial, which affiant alleges will prevent her from having "a fair and impartial hearing of said motion for new trial, or a fair and impartial trial of said action," etc., "by reason of the bias and prejudice of said judge," the affidavit of the trial judge "that he has not now any bias or prejudice against the plaintiff in said cause, and never has had any bias or prejudice against the said plaintiff" is an entirely sufficient denial.

(1) 33 **C. J.,** p. 1015, sec. 185.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to disqualify the trial judge. Walton J. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Winifred F. Marr, *in pro. per.,* for Appellant.

Thos. J. Reynolds, Musick, Burr & Pinney, O'Melveny, Milliken, Tuller & MacNeil, Paul E. Schwab, Edward T. Bishop, County Counsel, J. H. O'Connor, Assistant County Counsel, Ray L. Morrow, City Attorney, and Leslie R. Tarr, Deputy City Attorney, for Respondents.

THE COURT.—This is an appeal from an order after judgment denying appellant's motion to disqualify the trial judge from hearing and acting upon her motion for new trial on the ground of bias and prejudice under Code of Civil Procedure, section 170, subdivision 4. The affidavit in support of the motion consists principally of recitals of rulings made, and things said, by the trial judge in the course of the trial. In the concluding paragraph thereof affiant states that "by reason of the facts and circumstances herein in this affidavit set forth, affiant states that on and according to her information and belief, that she cannot have a fair and impartial hearing of said motion for new trial, or a fair and impartial trial of said action," before the judge who had tried the case, "by reason of the bias and prejudice of said judge." The allegation of bias and prejudice is thus apparently limited to such bias and prejudice

as is indicated by the facts and circumstances set forth in the affidavit. [1] We do not think that any of these facts and circumstances, or any group of them, or all of them together, are irreconcilable with the conclusion that the trial judge was entirely unbiased and impartial. They do perhaps indicate that he at times became irritated and out of patience because of the fact that appellant, who is not an attorney, was attempting to try her own case which, as stated by him, involved difficult and technical propositions of law. In response to the motion the trial judge made and filed an affidavit wherein he deposed, "that he has not now any bias or prejudice against the plaintiff in said cause, and never has had any bias or prejudice against the said plaintiff." We are of the opinion that this was an entirely sufficient denial under the circumstances of this particular case.

The order is affirmed.